UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **KEIBERTH JOSE MORENO BARRETO,** | § § § § | |
| *Petitioner*, | § § | |
| v. | § § | |
| **JASON STREEVAL,** Warden, El Paso Camp East Montana Processing Center; **MARY DE ANDA-YBARRA,** Director of El Paso Field Office, Immigration and Customs Enforcement; **JESSE D. MUNOZ,** Chief, U.S. Border Patrol El Paso, Immigration and Customs Enforcement; **KRISTI NOEM,** *in her official capacity as* Secretary, U.S. Department of Homeland Security; | § § § § § § § § § § § § § § | **EP-26-CV-00248-DCG** |
| *Respondents*. | § § | |

# ORDER FOR PETITIONER TO SHOW CAUSE
# WHY THE COURT SHOULD NOT DISMISS THIS CASE AS MOOT

For the following reasons, the Court **ORDERS** Petitioner Keiberth Jose Moreno Barreto to **SHOW CAUSE** why the Court should not dismiss his Petition for Writ of Habeas Corpus as moot.

## I.   BACKGROUND

Petitioner is a Venezuelan citizen who entered the United States without inspection in 2024.[1] Immigration and Customs Enforcement ("ICE") arrested and detained Petitioner on March 11, 2025.[2]

On January 30, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus challenging the legality of his detention.[3] Petitioner attached to that filing a Motion for a Temporary Restraining Order ("TRO") that would have prohibited Respondents from removing Petitioner from the United States and commanded the Government to release Petitioner from detention.[4] Based on Petitioner's understanding that the Government would remove him on either January 30 or 31, 2026, he "respectfully request[ed] that the Court issue an *ex parte* TRO" that very night—that is, on January 30, 2026, mere hours after Petitioner filed his Petition.[5]

Setting aside the merits of the Motion, exigent intervention was not possible. As a result of the Government's immigration crackdown, the federal courts have become inundated with an enormous number of immigration habeas corpus petitions in recent months. As particularly relevant here, 46 new immigration habeas cases were assigned to the undersigned Judge between

---

[1] Pet., ECF No. 1, at 3, 7, 9, 13.

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the cited document's internal pagination.

[2] *See id.* at 9.

[3] *See, e.g., id.* at 1, 25.

[4] *See generally* TRO Mot., ECF No. 1-1; *see also* Mem. Law, ECF No. 1-2, at 14.

[5] *See* TRO Mot. at 2–3.

October 1, 2025 and January 30, 2026 (the date Petitioner this instant case).[6] The sheer number of those filings—along with the principle that, all else being equal, fairness dictates that the

---

[6] A list of those cases follows:

(1)  *Rocha de Faria v. De Anda-Ybarra*, No. 3:25-cv-00464 (filed Oct. 10, 2025)

(2)  *Ramirez-Morales v. Lyons*, No. 3:25-cv-00476 (filed Oct. 16, 2025)

(3)  *Mbabid v. Baker*, No. 3:25-cv-00562 (filed Nov. 18, 2025)

(4)  *Alvarado Luna v. Warden*, No. 3:25-cv-00565 (filed Nov. 18, 2025)

(5)  *Pablo Pablo v. Lyons*, No. 3:25-cv-00566 (filed Nov. 18, 2025)

(6)  *Khoury v. Garite*, No. 3:25-cv-00577 (filed Nov. 21, 2025)

(7)  *Osorio Hernandez v. De Anda-Ybarra*, No. 3:25-cv-00580 (filed Nov. 24, 2025)

(8)  *Sanchez v. Noem*, No. 3:25-cv-00588 (filed Nov. 25, 2025)

(9)  *Goliakov v. Noem*, No. 3:25-cv-00613 (filed Dec. 3, 2025)

(10) *Lopez Flores v. De Anda Ybarra*, No. 3:25-cv-00614 (filed Dec. 3, 2025)

(11) *Zhao v. Warden*, No. 3:25-cv-00635 (filed Dec. 9, 2025)

(12) *Machuca-Mejia v. Ybarra*, No. 3:25-cv-00641 (filed Dec. 10, 2025)

(13) *Melendez Rivera v. Bondi*, No. 3:25-cv-00646 (filed Dec. 11, 2025)

(14) *Martinez Santos v. Noem*, No. 3:25-cv-00655 (filed Dec. 11, 2025)

(15) *Guadarrama Jimenez v. Bondi*, No. 3:25-cv-00662 (filed Dec. 12, 2025)

(16) *Gomes v. Grant*, No. 3:25-cv-00663 (filed Dec. 12, 2025)

(17) *Fernandez Sira v. Noem*, No. 3:25-cv-00666 (filed Dec. 15, 2025)

(18) *Carvajal Marin v. Mayorkas*, No. 3:25-cv-00672 (filed Dec. 15, 2025)

(19) *Perez-Suarez v. Noem*, No. 3:25-cv-00680 (filed Dec. 17, 2025)

(20) *Mykhailiuk v. Noem*, No. 3:25-cv-00696 (filed Dec. 18, 2025)

(21) *Bamaca Perez v. Noem*, No. 3:25-cv-00702 (filed Dec. 18, 2025)

(22) *Lopez Ceja v. Noem*, No. 3:25-cv-00715 (filed Dec. 22, 2025)

(23)  *Hernandez Ordonez v. Noem*, No. 3:25-cv-00727 (filed Dec. 23, 2025)

(24)  *Rodriguez Rios v. Garite*, No. 3:25-cv-00744 (filed Dec. 26, 2025)

(25)  *Singh v. De Anda-Ybarra*, No. 3:26-cv-00012 (filed Jan. 6, 2026)

(26)  *Martinez Carrillo v. Field Off. Dir.*, No. 3:26-cv-00023 (filed Jan. 8, 2026)

(27)  *Najera Machuca v. De Anda-Ybarra*, No. 3:26-cv-00049 (filed Jan. 14, 2026)

(28)  *Hernandez Garcia v. Noem*, No. 3:26-cv-00058 (filed Jan. 16, 2026)

(29)  *Barry v. Bondi*, No. 3:26-cv-00068 (filed Jan. 16, 2026)

(30)  *Jaimes-Pena v. De Anda-Ybarra*, No. 3:26-cv-00069 (filed Jan. 16, 2026)

(31)  *Rosell-Brillante v. Warden*, No. 3:26-cv-00075 (filed Jan. 17, 2026)

(32)  *Palma v. Bondi*, No. 3:26-cv-00093 (filed Jan. 17, 2026)

(33)  *Mejia Guillen v. Noem*, No. 3:26-cv-00076 (filed Jan. 18, 2026)

(34)  *Xinastle v. De Anda-Ybarra*, No. 3:26-cv-00079 (filed Jan. 19, 2026)

(35)  *V.T.M. v. Garcia*, No. 3:26-cv-00082 (filed Jan. 19, 2026)

(36)  *Moreno-Rodriguez v. Warden*, No. 3:26-cv-00084 (filed Jan. 19, 2026)

(37)  *Ojeda Duarte v. Warden*, No. 3:26-cv-00089 (filed Jan. 19, 2026)

(38)  *Dmytrenko v. De Anda-Ybarra*, No. 3:26-cv-00105 (filed Jan. 20, 2026)

(39)  *Ortiz Montaugano v. Bondi*, No. 3:26-cv-00112 (filed Jan. 21, 2026)

(40)  *Soltakhanov v. Noem*, No. 3:26-cv-00168 (filed Jan. 26, 2026)

(41)  *Romero Garces v. Bondi*, No. 3:26-cv-00177 (filed Jan. 27, 2026)

(42)  *Marrero Rivera v. Bondi*, No. 3:26-cv-00180 (filed Jan. 27, 2026)

(43)  *Del Cid Ramirez v. De Anda-Ybarra*, No. 3:26-cv-00188 (filed Jan. 27, 2026)

(44)  *Saligan Gonzalez v. De Anda-Ybarra*, No. 3:26-cv-00194 (filed Jan. 27, 2026)

(45)  *Pomboza Pinto v. De Anda-Ybarra*, No. 3:26-cv-00195 (filed Jan. 28, 2026)

(46)  *Zamorano Jimenez v. De Anda-Ybarra*, No. 3:26-cv-00214 (filed Jan. 28, 2026)

This list includes immigration habeas petitions that currently remain pending, as well as those that the Court has already resolved.

Court resolve older immigration habeas petitions before newer ones—prevented the undersigned Judge from ruling on the instant Petition and accompanying TRO Motion any sooner.

In the absence of any judicial directive barring Respondents from removing Petitioner from the country, ICE executed Petitioner's final order of removal on January 30, 2026 (the same day that Petitioner filed his Petition).[7] Having released Petitioner from ICE detention, Respondents now contend that his Petition is moot.[8]

## II. DISCUSSION

Because federal courts lack jurisdiction over moot cases,[9] the Court must determine whether this case is moot as Respondents contend. The Court's preliminary research indicates that the answer is yes.[10]

## III. CONCLUSION

The Court therefore **ORDERS** Petitioner to **SHOW CAUSE** by **February 13, 2026** why the Court should not dismiss this case as moot.

---

[7] *See* Advisory, ECF No. 3, at 1; *see also* Advisory Ex. A, ECF No. 3-1, at 1.

[8] *See* Advisory at 1.

[9] *See, e.g.*, *Nkenglefac v. Garland*, 34 F.4th 422, 428 (5th Cir. 2022) ("A moot case presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." (quoting *Goldin v. Bartholow*, 166 F.3d 710, 717 (5th Cir. 1999))).

[10] *See Morales-Morales v. Barr*, 933 F.3d 456, 462 (5th Cir. 2019) ("Because Morales-Morales is no longer detained and has already been deported, her challenge to her detention is moot.").

*See also, e.g.*, *Hernandez v. U.S. Immigr. & Customs Enf't*, No. 25-1618, 2026 WL 96845, at *1 (W.D. La. Jan. 13, 2026) (concluding that "habeas action challenging Petitioner's detention [w]as moot because the Petitioner had been removed to Mexico"); *Manuel T. v. ICE*, No. 3:25-CV-2575-D-BK, 2025 WL 3765964, at *1 (N.D. Tex. Dec. 5, 2025), *report and recommendation adopted*, No. 3:25-CV-2575-D, 2025 WL 3765509 (N.D. Tex. Dec. 30, 2025) (citing *Francis v. Lynch*, 622 F. App'x 455 (5th Cir. 2015) (per curiam) (removal moots habeas petition seeking release from detention under *Zadvydas*)).

If Petitioner ultimately takes the position that the Petition is *not* moot, Respondents **SHALL RESPOND** to Petitioner's filing by **February 20, 2026**.

The parties **SHALL SUPPORT** their respective arguments with citations to pertinent legal authority.

**So ORDERED and SIGNED this 6th day of February 2026.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**